**EFiled: May 03 2017 12:01PM EDT**
**Transaction ID 60549921**
**Case No. 12946-VCS**

# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: May 1, 2017
Date Decided: May 3, 2017

Kenneth J. Nachbar, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Kevin G. Abrams, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Re:  *Zohar II 2005-1, Limited v. FSAR Holdings, Inc.*
C.A. No. 12946-VCS

Dear Counsel:

I have reviewed the parties' correspondence regarding the admissibility of the valuation evidence Defendants wish to introduce at trial. Time does not allow me to provide a reasoned opinion in support of my rulings on admissibility. I am giving the rulings to you in this format so that you have time to prepare your trial presentations accordingly. I may provide further bases for my rulings in my post-trial opinion.

## The Third-Party Valuation Evidence

Although there appears to be little, if any, dispute on this point, I am satisfied that all of the valuation evidence is hearsay to the extent Defendants seek to offer

the evidence for the truth of the matters asserted within the documents (including opinions expressed therein). *See* DRE 801. Many of the documents, especially the valuation analyses prepared by third parties (*e.g.*, JX 1381, 1382, 1414, 1418, 1421, 1422, 1423), contain hearsay within hearsay. *See* DRE 805. These valuation documents express the opinions of experts on complex subjects. Expert opinions should be subject to cross-examination except in limited circumstances; when they are not, our courts are even more inclined to enforce the hearsay rule. *See, e.g.*, *Moore v. Perdue Farms, Inc.*, 1990 WL 63953, at *3 (Del. Super. Ct. Apr. 30, 1990) (holding that expert report was hearsay and properly excluded since the party against whom the report would be offered "should have been given the opportunity to cross-examine" the expert). This hearsay problem was curable (*see* DRE 702–705) but Defendants chose not to cure it.[1]

---

[1] I note that Defendants have indicated that some of this evidence (*e.g.*, JX 793) was introduced at the SEC trial. Delaware courts have admitted expert testimony that was presented in other proceedings, under oath, when the expert is unavailable for trial and when she was subject to questioning in the prior proceeding by a cross-examiner who shared similar motives to expose flaws in the testimony as the party against whom the testimony is being offered in the current proceeding. *See Carroll v. Phillip Morris USA, Inc.*, 2014 WL 594410, at *2–3 (Del. Super. Ct. Jan. 2, 2014 ) (Vaughn, PJ). Defendants are not seeking to introduce testimony from the SEC trial, however, but rather seek only to admit exhibits that were introduced there. Of course, unless stipulated otherwise, exhibits come into evidence at trial through the testimony of witnesses who lay the proper

Defendants offer four reasons why the hearsay rule should not bar the admission of the third-party valuation evidence. Each misses the mark.

First, Defendants allege that the valuations prepared for MBIA are not hearsay under DRE 801(d)(2)(E). This argument fails because the evidence of a "conspiracy," as contemplated by this Rule, is lacking and, in any event, the statements at issue were not made by the alleged co-conspirator(s).[2]

Second, they allege that all of the valuation documents are admissible under DRE 803(6) as records of regularly conducted activity of either MBIA or Patriarch. The foundation for that exception has not been demonstrated in the submissions (or the attached exhibits), again a circumstance that was curable but not cured.[3]

---

foundation for admissibility. The fact that an exhibit was introduced in another proceeding does little to alter or enhance the admissibility analysis with respect to that exhibit in this proceeding.

[2] The better argument for admissibility would be under DRE 801(d)(2)(C) as a statement by "a person authorized by [the party] to make a statement concerning the subject." I cannot conclude at this stage of the proceedings, however, that MBIA is a "party" as contemplated by Rule 801(d)(2) simply because their interests align with Plaintiffs' and their representatives have been in the courtroom during trial and appear to have been cooperating with Plaintiffs.

[3] I fully acknowledge and agree with Defendants that opinion evidence can, under certain circumstances, be admitted under DRE 803(6). But, in this case, without the authors of these documents testifying regarding the circumstances surrounding their preparation, including the nature of the inputs used for the valuations, it is impossible to determine if

Third, Defendants invoke DRE 804(b)(3) and argue that, at least as to the MBIA valuations, they are statements against interest. Setting aside the fact that Defendants have offered no basis for me to determine that the declarants are unavailable, as required by DRE 804(a), they have likewise presented no evidence that the statements contained within the valuations were "at the time of [their] making so far contrary to the *declarant's* pecuniary or proprietary interests . . . that a reasonable person in the *declarant's* position would not have made the statement. . . ." (emphasis supplied).[4] DRE 804(b)(3) does not apply here.

Finally, Defendants seek to invoke the residual hearsay exception in DRE 807. I have previously observed that this exception must be "construed narrowly so that the exception does not swallow the hearsay rule." *Stigliano v. Anchor Packing Co.*, 2006 WL 3026168, at *1 (Del. Super. Ct. Oct. 18, 2006). I also noted in *Stigliano* that the residual exception is not "firmly rooted" in the common law and that, under

---

the hearsay upon which the valuation analyses are based was information maintained in the ordinary course of business, *i.e.*, if the hearsay within hearsay is admissible. This, of course, assumes that a proper business records foundation could be laid for the valuation documents themselves which, in my view, would be a stretch at best.

[4] The declarants here, of course, are the valuation experts who prepared the reports.

such circumstances, even in civil cases, the court should be especially mindful of the risk that DRE 807 will be invoked to admit hearsay that has not been "confronted" with cross examination. *Id.* at n.7. I reiterate those concerns here. As noted, the evidence at issue here is highly nuanced and complex opinion testimony. It has not been explained or tested through the usual tools available to trial courts as they ferret out evidence in search of the truth. *See United Health All., LLC v. United Medical, LLC*, 2013 WL 1874588, at *4 n.19 (Del. Ch. May 6, 2013) (noting that "[t]he primary justification for the exclusion of hearsay is the lack of any opportunity for the adversary to cross-examine the absent declarant whose out-of-court statement is introduced into evidence") (citation omitted).

For the reasons just stated, the valuation evidence in the form of opinions from valuation experts may not be admitted for their truth.

Assuming a proper foundation is laid, I will allow the valuation evidence available to Ms. Tilton at or prior to the time she executed the irrevocable proxies to be admitted not for truth of the matter but as evidence of her state of mind at the time she executed the proxies. Plaintiffs have argued that Ms. Tilton acted as a faithless fiduciary when she executed the irrevocable proxies, that her interests were not

aligned with the Zohar Funds' interests and that, as a matter of equity, the proxies should be set aside even if lawful. If Ms. Tilton can demonstrate the she believed her preference shares were in the money at the relevant time, that <u>may</u> be probative of her motives. While the probative value is not entirely clear to me at this time, the evidence crosses over the bar set by DRE 401–403, especially when viewed through a Chancery lens.

The MBIA valuations may be admissible, again not for truth, but as impeachment of the MBIA witnesses (if appropriate). *See* DRE 607; *Collins & Aikman Corp. v. Compo Indus., Inc.*, 1981 WL 15125, *3–4 (Del. Ch. Oct. 27, 1981). I will not be able to determine if the use of this evidence for impeachment is appropriate until I see or hear the testimony.

Finally, I will allow the Defendants to introduce the valuations to demonstrate that valuations have been done, but only to the extent that Defendants can demonstrate, either in the admissible evidence or by proffer, why that point is relevant and not unduly prejudicial or confusing. *See* DRE 403. Again, without the testimony of the authors of the reports, it is difficult to determine whether these valuations were "back of the envelope," whether they were objective pieces or

advocacy pieces or whether the preparers used inputs that might not have been available to others (*e.g.*, AMZM).

### The Patriarch Spreadsheets

I will allow Defendants to lay foundation for the admission of the so-called "Patriarch equity spreadsheets" (JX1387–1413). These documents appear to be summaries of "voluminous" financial records (*see* DRE 1006) that Ms. Tilton, as custodian, may be able to demonstrate were prepared and maintained in the ordinary course of Patriarch's business (*see* DRE 803(6)). If foundation evidence is presented under DRE 803(6), 901 (and perhaps 902(9)), 1003, etc., then the evidence will be admitted. I overrule the Plaintiffs' objections based on the timeliness of the Defendants' identification of these exhibits.

### JX 793

I will confess that I am unclear exactly what this document purports to represent and, more to the point, how and why it was prepared. I would like to hear more about it from Ms. Tilton before deciding whether or not to admit it.

\*\*\*\*\*\*\*\*\*\*\*\*\*

For now, this letter will stand alone as the memorialization of my rulings. I do not intend to take our limited trial time to elucidate or to hear from counsel further on these issues. Your submissions were very helpful and I thank you for putting them together in such short order.

Very truly yours,

*/s/ Joseph R. Slights III*